**UNITED STATES DISTRICT COURT**
**PROBATION AND PRETRIAL SERVICES**
**NORTHERN DISTRICT OF TEXAS**

UNITED STATES OF AMERICA )
)
v. )   Case No. 4:15-CR-00151-O(4)
)
CHANCE BROOKS )

FILED

AUG 19 2015

CLERK, U.S. DISTRICT COURT

## Report of Violation of Conditions of Pretrial Release

COMES NOW Robert Honstein, U.S. Probation Officer, presenting a report to the court upon the conduct of defendant, Chance Brooks, who was placed on pretrial release supervision by the Honorable U.S. Magistrate Judge Jeffrey L. Cureton sitting in the court at Fort Worth, Texas, on June 18, 2015, under the following conditions:

(7m) The defendant must not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

(7n) The defendant must submit to testing for a prohibited substance if required by the pretrial services office or supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.

The undersigned has information that the defendant has violated such conditions in each of the following respects:

The defendant failed to report for surprise drug tests at Addiction Recovery Center in Lewisville, Texas on July 3, 2015 and July 6, 2015. The defendant was contacted by U.S. Probation Officer Lorene Dudley of the Eastern District of Texas on July 8, 2015, and he reported he missed his drug tests because his phone was not working correctly. The defendant was verbally admonished and advised that this is no excuse for failing to report for his drug tests.

On July 16, 2015, Officer Dudley contacted the defendant and reminded him that he was scheduled for a surprise test on that day, and the defendant again failed to report to the Addiction Recovery Center in Lewisville, Texas as he agreed. Additionally, the defendant reported to the testing site on July 18, 2015; however, he could not produce a urine sample for testing when instructed and left an hour later after advising the urine collector that he would not be able to produce a specimen.

On July 21, 2015, the defendant submitted a urine sample at the Addiction Recovery Center in Lewisville, Texas which tested positive for methamphetamine and marijuana. On July 30, 2015, a drug test report was received from the Alere national lab confirming the urine sample was positive for methamphetamine and marijuana.

On July 27, 2015, the defendant sent Officer Dudley an email message admitting that he tested positive for methamphetamine and marijuana because he has "a problem with drugs." The defendant further advised Officer Dudley in the email that he knew using illicit drugs was a violation of his conditions of bond, but he was hopeful he could be given one more opportunity to do right.

On July 29, 2015, the defendant submitted a urine sample at the Addiction Recovery Center in Lewisville, Texas which tested positive for methamphetamine and marijuana. The defendant was questioned about illicit drug use by Addiction Recovery Center Counselor C.J. McCary, and the defendant denied using illicit drugs recently. On August 14, 2015, a drug test report was received from the Alere national lab confirming the urine sample was positive for marijuana. The confirmation for methamphetamine is still pending.

On August 11, 2015, an ATLAS hit was received by Officer Dudley advising her that the defendant may have had contact with the Roanoke, Texas Police Department. On August 14, 2015, Roanoke Police Sergeant Newton was contacted by Officer Dudley, and he advised that he did not have contact with the defendant; however, an individual named Lawrence Bushnell who left the defendant's home at approximately 3:30AM on August 11, 2015 was stopped and found to be in possession of 1.5 grams of methamphetamine. Mr. Bushnell denied purchasing the illicit drugs from the defendant and told Officer Newton that he knew the defendant from working with him in the auto industry.

On August 12, 2015, the defendant again failed to report for a surprise drug test at Addiction Recovery Center in Lewisville, Texas.

The undersigned suggests to the court that a warrant be issued for the arrest of the defendant, and that a hearing be scheduled for consideration of revocation of the defendant's conditions of pretrial release.

I declare under penalty of perjury that the foregoing
is true and correct.

Executed on August 17, 2015

s/Robert Honstein
U.S. Probation Officer
Ft Worth
817-900-1876
Fax: 817-978-3726

Approved,

s/Cecilio Bustamante
Supervising U.S. Probation Officer
214-753-2506

## Order

Having considered the report of the Probation Office pertaining to possible violations by defendant, Chance Brooks, of his/her conditions of pretrial release, the court ORDERS that:

- ☐ No action be taken.

    [enter text]

- ☐ The Order Setting Conditions of Release is modified to include the following:

    [enter text]

- ☐ A summons be issued and the defendant appear before a judge of this court to determine whether his/her conditions of pretrial release should be revoked.

- ☒ A violator's warrant be issued, and the above-named defendant be arrested forthwith and brought before a judge of this court to determine whether his/her conditions of pretrial release should be revoked. Petition and warrant sealed and not be distributed to counsel of record until effectuated.

- ☒ The office of the U.S. Attorney for the Northern District of Texas file a motion to revoke the conditions of the defendant's pretrial release, consistent with the information contained in the foregoing Report, and take such steps as are necessary to present such motion at the hearing thereon.

- ☒ File under seal until further order of the Court.

*/s/ Jeffrey L. Cureton*
Jeffrey L. Cureton
U.S. Magistrate Judge

[enter date] 8/19/15
Date